## Joseph Hudock, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Michael T. Hudock,* for appellant.

*William E. Baldwin, Pfeiffer, Brown & Baldwin,* for appellee.

438

Opinion by Judge Rogers, October 22, 1982:

Joseph Hudock has appealed from judgment of sentence to pay a fine of $25 and costs entered against him in the Court of Common Pleas of Schuylkill County after a hearing de novo of his appeal from his summary conviction by a District Justice on a charge of violating the zoning ordinance of Branch Township by converting a garage on his home property to living quarters for the use of a relative without obtaining a permit required by the ordinance.

The judgment of sentence having been appealed, the hearing and sentencing judge ordered the appellant to file within ten days a statement of the matters complained of pursuant to Pa. R.A.P. 1925(b). The appellant failed to respond and the hearing judge in compliance with Pa. R.A.P. 1925(a) filed a brief memorandum in the form of an opinion directed only to the sufficiency of the evidence to support his finding of the appellant's guilt.

Sections 4.301, 4.302 and 4.403 of the Branch Township Zoning Ordinance provide that the conversion of an existing structure to residential use (called a special use) in the R-4 zoning district in which Hudock's property is located may be accomplished only with permission of the zoning hearing board after review by the township planning commission. The stipulation of the parties which constituted the only record below recites that Hudock converted his garage to living quarters and that he made no submission to the zoning hearing board or township planning commission. He clearly violated the ordinance in this respect.

Section 6.401 of the ordinance also requires that one intending to convert a structure must have a zoning permit. The stipulation records that Hudock, a township supervisor, obtained a zoning permit from the zoning officer on June 9, 1978 and that this was revoked on June 23, 1978 and Hudock's check for fees

returned. The stipulation reads that prosecution witnesses stated that Hudock was notified of the revocation but that Hudock cannot recall being so notified and can produce no record that his check for the fees was cashed by the township. The trial judge resolved this disputed fact against Hudock, finding that Hudock was notified that his permit was revoked but continued the work of conversion without a zoning permit as well as without zoning hearing board permission.

Hudock argues in his brief that he somehow obtained a vested right to a permit and that the provision for special zoning hearing board permission for special uses does not apply to conversions of nonresidential buildings. Not only were these arguments waived by the appellant's failure to respond to the trial court's call for the statement of matters complained of pursuant to R.A.P. 1925(b), they are without merit.

Judgment affirmed.

ORDER

AND Now, this 22nd day of October, 1982, the judgment of sentence entered of record on March 11, 1981, in the above-captioned case is affirmed.